2006-NMCA-106

141 P.3d 1284

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Andrew TORRES, Defendant–Appellant.**

No. 25,487.

Court of Appeals of New Mexico.

June 29, 2006.

Certiorari Denied, No. 29,937,
Aug. 14, 2006.

Patricia A. Madrid, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Catherine A. Begaye, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

**OPINION**

CASTILLO, Judge.

{1} In this case, we are asked to consider whether the ten-year limit on qualifying prior

felony convictions, as contained in the habitual offender statute, NMSA 1978, § 31–18–17 (2003), also applies to the use of prior robbery convictions in the robbery statute, NMSA 1978, § 30–16–2 (1973). We hold that the ten-year limit does not apply to the robbery statute, and we therefore affirm Defendant's conviction.

## I. BACKGROUND

{2} The facts of this case are not in dispute. Defendant's first armed robbery conviction occurred in 1988, and he completed his sentence in 1992. In 2004, Defendant, armed with a knife, broke into a home, threatened the resident, and took items belonging to the resident. Defendant was charged by information with armed robbery as a second offense, in violation of Section 30–16–2, and with several other criminal counts not relevant to this appeal. Defendant entered into a conditional plea agreement, wherein he pled to a first-degree armed robbery offense. He reserved, however, the right to appeal his conviction—claiming that the legislature intended the ten-year limit in the habitual offender statute to apply also to the robbery statute and that it was thus error to escalate his second armed robbery offense to a first-degree felony.

{3} Prior to the 2002 amendment, the New Mexico habitual offender statute provided for mandatory sentence enhancement in every case in which there was a prior felony conviction, regardless of the date of the conviction. NMSA 1978, § 31–18–17 (1993). In 2002, the legislature amended Section 31–18–17 to exclude a prior felony conviction when the sentence and any period of probation or parole in the prior conviction was completed ten or more years before the current conviction. NMSA § 31–18–17(D) (2002); *State v. Shay,* 2004–NMCA–077, ¶ 2, 136 N.M. 8, 94 P.3d 8. The statute was also amended in 2003, but the amended language is not material to this appeal. *See* § 31–18–17.

{4} The robbery statute also contains an enhancement provision: all repeat armed

robbery offenses are automatically converted to first-degree offenses. Section 30–16–2. The robbery statute does not include language limiting the time period for qualifying offenses. *Id.* We now consider Defendant's argument that the legislature intended the ten-year limit contained in the current habitual offender statute to apply to the robbery statute.

## II. DISCUSSION

### A. Standard of Review

{5} The only issue before us is one of statutory interpretation. "Statutory interpretation is a question of law, which this Court reviews de novo." *Gurule v. Dicaperl Minerals Corp.,* 2006–NMCA–054, ¶ 4, 139 N.M. 521, 134 P.3d 808.

### B. Statutory Interpretation

{6} We look to the language of the two statutes in question. The relevant parts of the habitual offender statute provide as follows:

A. A person convicted of a noncapital felony in this state whether within the Criminal Code [NMSA 1978, § 30–1–1] or the Controlled Substances Act [NMSA 1978, § 30–31–1] or not who has incurred one prior felony conviction that was part of a separate transaction or occurrence or conditional discharge under Section 31–20–13[of] NMSA 1978 is a habitual offender and his basic sentence shall be increased by one year.

. . . .

D. As used in this section, "prior felony conviction" means:

(1) a conviction, when less than ten years have passed prior to the instant felony conviction since the person completed serving his sentence or period of probation or parole for the prior felony, whichever is later, for a prior felony committed within New Mexico whether within the Criminal Code or not, but not including a conviction for a felony pursuant to the provisions of Section 66–8–102[of] NMSA 1978[.]

Section 31–18–17.

{7} The language of the robbery statute is as follows:

Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.

Whoever commits robbery is guilty of a third degree felony.

Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony.

Section 30–16–2.

██ {8} Our primary goal when interpreting statutory language is to give effect to the intent of the legislature. *State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988). When the words used are plain and unambiguous, we give a statute its literal reading, unless that reading would lead to an injustice, absurdity, or contradiction. *Atencio v. Bd. of Educ.*, 99 N.M. 168, 171, 655 P.2d 1012, 1015 (1982). The language of the robbery statute is unambiguous. An individual's first conviction of armed robbery is a second-degree felony, and any second conviction for armed robbery is automatically enhanced to a first-degree felony. The robbery statute is silent regarding any time limitation between offenses. When a statute makes sense as written, we will not read in language that is not there. *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998–NMSC–050, ¶ 5, 126 N.M. 413, 970 P.2d 599. Accordingly, under the plain meaning rule, any prior armed robbery offense can be used to enhance a subsequent offense. *See State v. Martinez*, 2005–NMCA–052, ¶ 9, 137 N.M. 432, 112 P.3d 293.

██ {9} Defendant states that the legislature intended that the limitation in the habitual offender statute also apply to the robbery statute. We recognize that "the plain meaning rule is only a guideline for determining the legislative intent, and the manifest intent of the legislature will prevail over a mechanistic reading of the statute." *Junge v. John D. Morgan Constr. Co.*, 118 N.M. 457, 463, 882 P.2d 48, 54 (Ct.App.1994).

However, our holding in *State v. Keith*, 102 N.M. 462, 464–65, 697 P.2d 145, 147–48 (Ct. App.1985), supports our conclusion that the legislature intended the enhancement aspect of these two statutes to be treated separately. The basic intent of both statutes is the same, to deter repeat offenders. *Id.* at 464, 697 P.2d at 147. The robbery statute is a specific statute, and the habitual offender statute is general. *Id.* It is impermissible to enhance an armed robbery sentence under both the armed robbery statute and the habitual offender statute. *Id.* at 465, 697 P.2d at 148. "[T]he legislative intent of the armed robbery statute is that repeat armed robbers be subject to greater punishment than that provided for in the [habitual offender] statute." *Id.* The legislature has made no amendments to the robbery statute since the 2002 amendment to the habitual offender statute. "The Legislature is presumed to know existing statutory law and to take that law into consideration when enacting new law." *Gutierrez v. W. Las Vegas Sch. Dist.*, 2002–NMCA–068, ¶ 15, 132 N.M. 372, 48 P.3d 761. Absent the inclusion of express language imposing a time limitation between offenses for purposes of enhancement, we will "presume that the Legislature continues to intend that the statute apply according to its original meaning." *See State v. Cleve*, 1999–NMSC–017, ¶ 15, 127 N.M. 240, 980 P.2d 23.

## III. CONCLUSION

{10} We hold that a second offense of armed robbery is a first-degree felony under New Mexico law, even when the second robbery occurs more then ten years after the first. Accordingly, Defendant's conviction for first-degree armed robbery is affirmed.

{11} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge, and CYNTHIA A. FRY, Judge.