This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellant,

v.                                  **NO. 29,158**

**JOE G. VALERO,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

The State appeals from the order on Defendant's motion to dismiss entered pursuant to the district court letter decision. [RP 58, 60] The State raises two issues on appeal, contending that the district court erred when it ruled that (1) the 2005 amendments provided that the Sex Offender Registration Act (SORNA) did not apply to Defendant; and (2) the relevant provisions of SORNA that were operating when Defendant was first required to register as a sex offender in 1999, were superseded or overturned by the 2005 amendments to SORNA. [DS 4-5] The calendar notice proposed summary reversal. [Ct. App. File, CN1] Defendant has filed a memorandum in opposition that we have duly considered. [Ct. App. File, MIO] We reverse.

**DISCUSSION**

"Statutory interpretation is an issue of law, which we review de novo." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. On September 17, 1998, Defendant was convicted of criminal sexual penetration of a minor, a fourth degree felony. [RP 36] Defendant was an habitual offender and, therefore, he was sentenced to thirty (30) months in the Department of Corrections with eighteen (18) months suspended in favor of supervised probation. [RP 36-37] On May 5, 1999, Defendant was released from incarceration and placed on parole. [DS 2] On November 8, 1999, Defendant was released from parole. [Id.] On May 3, 1999,

Defendant signed a notice of duty to register as a sex offender, acknowledging his duty to comply with the requirements of SORNA. [Id.] The law required registration for ten (10) years following the initial registration. [Id.]

In 2006, Defendant's parole officer alerted the Curry County Sheriff's Office that Defendant was a convicted sex offender but not registered. [DS 2] Defendant was arrested for violating SORNA, but the case was eventually dismissed for speedy trial violations. [Id.] At the speedy trial hearing in the 2006 case, the district court judge advised Defendant that he was still required to register under SORNA. [Id.] Defendant registered in 2007. [Id.] In January 2008, sheriff's office deputies attempted to validate the address Defendant had listed in his 2007 registration and found that Defendant did not live at that address. [Id.] On February 25, 2008, the deputies obtained a warrant to arrest Defendant for violation of the SORNA requirement to notify the sheriff's office of any change of address within ten (10) days thereof. [DS 3] Defendant filed a motion to dismiss, arguing that the 2005 amendments to SORNA served to relieve Defendant from any obligations to register under SORNA. [RP 36] The district court agreed with Defendant. [RP 58] We reverse.

As we discussed in the calendar notice, NMSA 1978, Section 29-11A-4 (2005) describes the registration requirements for sex offenders, including the

information required to be provided and the criminal penalties for failing to do so. Section 29-11A-4(L)(2) provides that "a sex offender required to register pursuant to the provisions of Subsection E of Section 29-11A-5 NMSA 1978 shall annually renew his registration with the county sheriff prior to December 31 of each subsequent calendar year for a period of ten years."  Section 29-11A-5(E)(1) (2005) (amended 2007) describes the crime of which Defendant was convicted and reiterates that a person such as  Defendant is required to register "for a period of ten years following the sex offender's conviction, release from prison or release from probation or parole, whichever occurs later"

Certain sections of SORNA were amended in 2005.  Historical and Statutory Notes,  Section 29-11A-5; 2005 N.M. Laws, ch. 279, § 4.   The 2005 amendments were to take effect on July 1, 2005:   "Laws 2005, ch. 279, §14, effective July 1, 2005, provides that Laws 2005, ch. 279, §§ 1 through 13 apply to a person convicted of a sex offense on or after July 1, 2005 and a person convicted of a sex offense prior to July 1, 2005 and who, on July 1, 2005, was still incarcerated, on probation or on parole for commission of that sex offense."

In the calendar notice, we proposed to agree with the State that the collective effect of the 2005 amendments was to add new crimes to the registration requirements and to increase the registration requirements for repeat offenders.

Hence, the amendments evinced a legislative intent to more forcefully and effectively require notification and registration of sex offenders in the state. We proposed to hold, therefore, that the district court holding that the 2005 amendments relieved this Defendant from further registration requirements would "reach[] an absurd and contradictory result." [DS 3] *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284 ("Our primary goal when interpreting statutory language is to give effect to the intent of the legislature."); *see also State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801 ("We do this by giving effect to the plain meaning of the words of [the] statute, unless this leads to an absurd or unreasonable result."). Moreover, we noted that the 2005 amendments made no changes to Section 29-11A-4(L)(2) or Section 29-11A-5(E)(1), the provisions that are applicable to Defendant in this case. *See, e.g.*, *Leo v. Cornucopia Rest.*, 118 N.M. 354, 358-59, 881 P.2d 714, 718-19 (Ct. App. 1994) (discussing that language that was left intact during the frequent revisions of the statute evinces a legislative intent to retain the meaning of this statute as explicated in our case law).

In his memorandum, Defendant relies on *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 406 (Ct. App. 1985), to continue to argue that the district court order of

dismissal should be affirmed.  [MIO 3]  The memorandum points out, however, that further amendments to SORNA were made in 2007.  [MIO 2]  The effect of the 2007 amendments was to correct any ambiguity in the applicability of the 2005 amendments by stating that the registration requirements apply to any "person convicted of a sex offense on or after July 1, 1995."  *See* Historical and Statutory Notes, § 29-11A-3 (2007).  [Id.]

Defendant's memorandum further discusses that, on January 5, 2009, the State filed a motion for reconsideration that pointed out the 2007 SORNA clarification to the district court.  [RP 70-71; MIO 2-3]  At the hearing on the motion for reconsideration that took place on January 21, 2009, however, defense counsel argued that the district court did not have jurisdiction to hear the State's motion to reconsider.  [MIO 3]  In addition,  Defendant was not present at the hearing, and in order to afford Defendant due process, the district court did not rule on the motion.  [Id.]  We note that the State's motion for reconsideration did not affect the finality of the district court order of dismissal because it was untimely filed, almost two months after notice of appeal was filed on November 10, 2008.  [RP 63]  *See State v. Roybal*, 2006-NMCA-043, ¶ 16, 139 N.M. 341, 132 P.3d 598 (recognizing that "a motion for reconsideration brought by the state *within the permissible time for appeal* renders the dismissal not final for purposes of appeal

and suspends the time for appeal until the motion is decided by the trial court" (Emphasis added.)).

In any case, however, we are reversing the district court order of dismissal and the 2007 clarification was in effect at the time the order of dismissal was entered. On remand, therefore, the district court should consider that the 2007 amendments clarify that the registration requirements apply to any "person convicted of a sex offense on or after July 1, 1995." As such, in this case, the SORNA registration requirements remained applicable to Defendant in 2008 and the State's case against Defendant must be reinstated.

**CONCLUSION**

We reverse the district court decision to grant Defendant's motion to dismiss.

**IT IS SO ORDERED.**

---

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

---

**CELIA FOY CASTILLO, Judge**

---

7

**ROBERT E. ROBLES, Judge**