This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                     **NO. 29,655**

**SANDRO SERNA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant appeals his conviction, pursuant to a conditional plea agreement **[RP 56, 58]**, for escape from the custody of a peace officer, a fourth degree felony. Defendant appeals specifically from the denial of his motion to dismiss **[RP 26, 44, 53, 55]**, as reserved in his plea. **[RP 58]** Our notice proposed to affirm, and Defendant filed a timely memorandum in opposition pursuant to a granted motion for extension of time. We remain unpersuaded by Defendant's arguments and therefore affirm.

**BACKGROUND**

The parties stipulated to the underlying facts. **[DS 2; MIO 1]** An officer stopped Defendant for failure to use his turn signal. **[DS 2; MIO 1]** Dispatch subsequently advised the officer that there was a valid warrant for Defendant for a probation violation. **[DS 2; MIO 1-2]** Based on this information, the officer handcuffed Defendant and attempted to place him in his patrol car. **[DS 2; MIO 2]** Defendant then broke off running and was, after a struggle, apprehended by the officer. **[DS 3; MIO 2]** Defendant was subsequently convicted, pursuant to his conditional plea, for escape or attempt to escape from the officer, in violation of NMSA 1978, Section 30-22-10 (1963), which provides that "[e]scape from custody of a peace officer consists of any person who shall have been placed under lawful

2

arrest for the commission or alleged commission of any felony." **[DS 4; MIO 3 ]**

**ISSUES (1) AND (2)**

Defendant continues to argue that his conviction does not satisfy the elements of Section 30-22-10. **[DS 4; MIO 4]** Defendant argues that his underlying probation violation, upon which the warrant for his arrest was based, does not satisfy the requirement in Section 30-22-10 that the arrest be based on the commission of a felony. **[DS 4; MIO 1]**

We recognize Defendant's contention that a probation violation is not a felony **[DS 4; MIO 4]**, but we do not consider this to be significant. The probation violation, upon which the warrant was premised, was based on underlying felony offenses. A common sense reading of Section 30-22-10 criminalizes an escape from an arrest for a probation violation based on an underlying felony, thus satisfying the statutory requirement that Defendant be "placed under lawful arrest for the commission or alleged commission of any felony." *See generally State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284 (stating that "[o]ur primary goal when interpreting statutory language is to give effect to the intent of the [L]egislature"). Defendant argues, however, that the Legislature "carefully chose and limited the language of the statute to include only a lawful arrest for the commission or alleged commission of

any felony" **[MIO 5]** and did not include an arrest for the violation of probation on a preexisting felony conviction. **[MIO 5]** We disagree with Defendant's view of the statute, under which a person could be convicted for violating Section 30-22-10 only when escaping from an arrest for an alleged felony, but not when escaping from an arrest for a probation violation on a pre-existing felony conviction. We find no basis for concluding that the Legislature intended such a result, as Defendant's construction would lead to an absurd result. Instead, we hold that a common sense reading of Section 30-22-10 prohibits any escape premised on an arrest for the commission of an alleged felony, or an arrest for the violation of probation on a pre-existing felony conviction. *See State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801 (providing that we implement the intent of the Legislature by "giving effect to the plain meaning of the words of statute, unless this leads to an absurd or unreasonable result").

We lastly decline to address Defendant's argument that UJI 14-2223 NMRA, which provides generally that a defendant be arrested "under authority of a warrant," is deficient because it does not specify that the warrant be for a felony, as required by Section 30-22-10. **[RP 27-28; DS 4, 6; MIO 7-8]** Significantly, no UJI was given in this case since Defendant entered a conditional plea. For this reason, we do not

4

address whether UJI 14-2223 correctly states the law relevant to this case. *See State v. Wyrostek*, 117 N.M. 514, 523, 873 P.2d 260, 269 (1994) (recognizing that this Court will not issue advisory opinions).

Based on the foregoing discussion, we affirm.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**