Certiorari Denied, April 24, 2013, No. 34,081

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number:  2013-NMCA-066

Filing Date:  March 6, 2013

Docket No. 31,701

STATE OF NEW MEXICO,

      Plaintiff-Appellee,

v.

ALEXIS PARRISH,

      Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Thomas J. Hynes, District Judge

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

ZAMORA, Judge.

{1}    Defendant Alexis Parrish appeals his conviction for failure to register as a sex offender in violation of NMSA 1978, Section 29-11A-4 (2005). The sole issue on appeal is whether the New Mexico Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29-11A-1 to -10 (1995, as amended through 2007), requires a registered sex

offender to renew his registration upon his release from custody of the corrections department on unrelated charges if he returns to his previously registered residence. We hold that the plain meaning of Section 29-11A-4(B) required Defendant to "register with the county sheriff no later than ten days after being released from the custody of the corrections department[.]" Accordingly, we affirm Defendant's conviction for failure to register as a sex offender.

**BACKGROUND**

{2}     The relevant facts are undisputed. Defendant is a convicted sex offender and was properly registered in San Juan County on February 17, 2011. Subsequently, Defendant was incarcerated in the Department of Corrections Central New Mexico Correctional Facility (CNMCF), in Valencia County, on another matter. On August 2, 2011, one day before his release from CNMCF, Defendant received a copy of the New Mexico Corrections Department Notice to Register form, which stated:

> Pursuant to [Section] 29-11A-4, a convicted sex offender is required to register with the Sheriff's Office in the County where he/she will reside. Registration must take place no later than ten (10) days after being released from the custody of the Corrections Department[] or registration must take place no later than ten (10) days after being placed on probation or parole. Registration requirements are summarized more specifically below.
>
> **Willful or knowing failure to comply or willfully or knowingly providing false information is a <u>Fourth Degree Felony Offense</u>.**

Defendant initialed each of the requirements set forth in the notice and signed the last page acknowledging that a corrections department official or employee had explained the notice to him, he had read the notice, and he was given a copy of the notice. A copy of the signed notice was also sent to the San Juan County Sheriff's Office.

{3}     Defendant was released from CNMCF on August 3, 2011, and he returned to his registered address in San Juan County. However, he did not renew his registration with the county sheriff within ten days of his release. On August 30, 2011, a deputy from the San Juan County Sheriff's Office called the telephone number that was previously provided by Defendant. A female answered and advised that she did not know Defendant and that the telephone number was for another residence.

{4}     Defendant was charged with failure to register as a sex offender, contrary to Section 29-11A-4. Defense counsel filed a motion to dismiss the charge and argued that Defendant was not required to register upon release from the corrections department because he had registered prior to being incarcerated on the new offense, which was not a sex offense, and he returned to his properly registered residence upon release. The State filed a response and argued that Defendant was required to renew his registration, pursuant to the mandate of

2

Section 29-11A-4(B), because Defendant was a sex offender, a resident of New Mexico, and was released from the custody of the corrections department. During the hearing on Defendant's motion to dismiss, the district court asked the parties if Defendant had to register when he was incarcerated at CNMCF. The prosecutor informed the district court that the corrections department registered Defendant while he was an inmate at CNMCF. The district court found that Defendant was living in San Juan County, changed his residence to Valencia County, and then changed his residence again when he returned to San Juan County. Therefore, the district court denied Defendant's motion to dismiss and concluded that Defendant was required to register upon his release from CNMCF.

**{5}** Defendant entered into a conditional plea agreement, wherein he pled guilty to "[f]ailure to comply with requirements of SORNA § 29-11A-4." Defendant "reserve[d] the right to appeal on the issue of whether SORNA requires a registered sex offender to register upon a subsequent release from incarceration, when the offender's registration is otherwise current."

**DISCUSSION**

**{6}** We must determine whether SORNA requires a registered sex offender to register upon release from custody when he returns to a properly registered residence. "Statutory interpretation is an issue of law, which we review de novo." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. Our primary goal when interpreting a statute is to give effect to the Legislature's intent, which is determined by looking at the plain language used in the statute, as well as the purpose of the underlying statute. *State v. Johnson*, 2001-NMSC-001, ¶ 6, 130 N.M. 6, 15 P.3d 1233; *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "When the words used are plain and unambiguous, we give a statute its literal reading, unless that reading would lead to an injustice, absurdity, or contradiction." *Id*.

**I. SORNA**

**{7}** The Legislature found that "sex offenders pose a significant risk of recidivism[,]" and "the efforts of law enforcement agencies to protect their communities from sex offenders are impaired by the lack of information available concerning convicted sex offenders who live within the agencies' jurisdictions." Section 29-11A-2(A). The explicit purpose of SORNA "is to assist law enforcement agencies' efforts to protect their communities" by requiring sex offenders who reside, work, or attend school in New Mexico, to register with the county sheriff. Section 29-11A-2(B)(1)-(2); *see also State v. Hall*, 2013-NMSC-001, ¶¶ 10-17, 294 P.3d 1235 (discussing the purpose and history of SORNA); *State v. Druktenis*, 2004-NMCA-032, ¶¶ 17-24, 135 N.M. 223, 86 P.3d 1050 (same). "The [L]egislature enacted SORNA to protect communities through the registration of and dissemination of information about sex offenders." *State v. Williams*, 2006-NMCA-092, ¶ 6, 140 N.M. 194, 141 P.3d 538. The legislative history and intent of SORNA suggests a broad application. *Hall*, 2013-NMSC-001, ¶16 ("In the seventeen-year history of SORNA, the Legislature has continually

amended the law to make it more expansive—that is, to register more people for more offenses, to make information more accessible to the public, and to increase penalties for failing to comply. In this way, the Legislature has demonstrated its preference for a broad registry law that provides more, rather than less, protection for the community.").

**{8}** Section 29-11A-4 sets forth SORNA's registration requirements. *See generally* § 29-11A-4; *see also* § 29-11A-3(C) (defining "registration requirement" as "any requirement set forth in Section 29-11A-4"). The State argues that the plain and unambiguous language of Section 29-11A-4(B) required Defendant to register as a sex offender with the county sheriff no later then ten days after he was released from CNMCF. Section 29-11A-4(B) provides in pertinent part:

> A sex offender who is a resident of New Mexico shall register with the county sheriff no later than ten days after being released from the custody of the corrections department, a municipal or county jail[,] or a federal, military[,] or tribal correctional facility or detention center or being placed on probation or parole.

**{9}** Defendant, on the other hand, focuses his argument on Section 29-11A-4(G), which states:

> When a sex offender who is registered changes his residence to a new county in New Mexico, the sex offender shall register with the county sheriff of the new county no later than ten days after establishing his new residence. The sex offender shall also send written notice of the change in residence to the county sheriff with whom he last registered no later than ten days after establishing his new residence.

Defendant argues that he did not change his residence when he was incarcerated at CNMCF; therefore, he was only required to renew his registration annually pursuant to Section 29-11A-4(L)(2).

**{10}** Even though the district court found that Defendant changed his residence from San Juan County, to Valencia County, and then back to San Juan County, Section 29-11A-4(G) is not the subsection of SORNA that the State accused Defendant of violating. On appeal, we may affirm the district court's ruling if it was right for any reason. *State v. Boyett*, 2008-NMSC-030, ¶ 25, 144 N.M. 184, 185 P.3d 355. Defendant's written motion to dismiss clearly stated that the State accused Defendant of violating Section 29-11A-4(B). Likewise, the State's written response, as well as the parties' oral arguments before the district court, centered around the application of Section 29-11A-4(B).

**{11}** Indeed, Defendant argued before the district court and now on appeal, that Subsection (B) of Section 29-11A-4 only applies to the "initial registration." Defendant relies on Section 29-11A-4(L) to support this assertion. However, Section 29-11A-4(L)

4

simply states how often a sex offender is required to renew his registration after his "initial registration." Neither Subsection (B) nor (L) of Section 29-11A-4 indicates that the Legislature intended to limit the reporting requirement set forth in Section 29-11A-4(B) to a sex offender's "initial registration." *See Torres*, 2006-NMCA-106, ¶ 8 ("When a statute makes sense as written, we will not read in language that is not there.").

{12} On appeal, Defendant claims that a literal interpretation of Section 29-11A-4(B) will lead to an absurd and unreasonable result because it would require a sex offender incarcerated for any period of time to renew his registration upon release from custody, even if the sex offender returns to his properly registered address. Defendant further argues that the purpose of SORNA was fulfilled because the State knew that Defendant was in custody or at the registered address. Defendant's argument is erroneous because it makes several baseless assumptions. First, it would mean that the State, Valencia County, and San Juan County should assume that Defendant would automatically return to San Juan County upon his release from the corrections department. Second, San Juan County would be expected to assume that Defendant would not only return to San Juan County but also that he would return to his previously registered address with all of his contact information being the same and current. Defendant's argument places the burden on everyone else but him.

{13} SORNA is clear that the burden is on Defendant to let the local law enforcement agency know that he will be living within the agency's jurisdiction. *See* §§ 29-11A-2(B)(1) and -7(A)(2). Asking the State to assume that all previously registered sex offenders released from the custody of the corrections department will automatically return to their previously registered addresses is unreasonable. It was not the San Juan County Sheriff's duty to confirm where Defendant will be living upon his release from CNMCF. SORNA requires the county sheriff to maintain a local registry of sex offenders and to forward the registration information "obtained from sex offenders" to the New Mexico Department of Public Safety (DPS). Section 29-11A-5(A)-(B); *see Druktenis*, 2004-NMCA-032, ¶ 21. DPS is required to maintain a central registry of sex offenders and to participate in the national sex offender registry administered by the United States Department of Justice. Section 29-11A-5(C); *see Druktenis*, 2004-NMCA-032, ¶ 21. DPS has created and maintains a website that provides information to the public regarding the location of sex offenders residing in New Mexico. The website allows the public to search for sex offenders by name, ZIP code, city, county, or street. The website also provides information for sex offenders who are incarcerated or who have absconded.

{14} In this case, the prosecutor informed the district court that the corrections department registered Defendant while he was incarcerated at CNMCF. The Valencia County Sheriff's office had notice that Defendant was living within its jurisdiction. Upon his release, Defendant returned to San Juan County. It was Defendant's duty to update his registration information within ten days of his release from custody of the corrections department and inform the San Juan County Sheriff that he was moving from Valencia County back to San Juan County. *See* § 29-11A-7(B) ("The corrections department, a municipal or county jail[,] or a detention center at the time of release of a sex offender in its custody, shall provide a

5

written notice to the sex offender of his duty to register, pursuant to the provisions of the [SORNA].").

**{15}**    It is critical for law enforcement agencies to have current information about sex offenders in order to protect their communities.  The inability of the San Juan County Sheriff's office to contact Defendant because of the outdated telephone number provided by Defendant is a perfect example of the reason behind the legislative intent and purpose of maintaining current information on a sex offender.  A literal reading of Section 29-11A-4(B) is consistent with the Legislature's demonstrated "preference for a broad registry law that provides more, rather than less, protection for the community."  *Hall*, 2013-NMSC-001, ¶ 16.  We conclude that Defendant was required to register upon his release from CNMCF, pursuant to the clear and unambiguous language of Section 29-11A-4(B).  It is not absurd or unreasonable to require sex offenders to register with the county sheriff within ten days of their release from custody, regardless of whether they had registered before their incarceration.  In light of this conclusion, we do not need to determine whether Defendant had to register pursuant to Section 29-11A-4(G).

## II.    Rule of Lenity

**{16}**    Defendant asks this Court to apply the rule of lenity if we determine Section 29-11A-4 to be ambiguous.  The rule of lenity is not applicable, because Section 29-11A-4 is not ambiguous.  *Cf. State v. Davis*, 2003-NMSC-022, ¶ 14, 134 N.M. 172, 74 P.3d 1064 ("The rule of lenity counsels that criminal statutes should be interpreted in a defendant's favor when insurmountable ambiguity persists regarding the intended scope of a criminal statute.").

## CONCLUSION

**{17}**    For the foregoing reasons, we affirm.

**{18}    IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**

**Topic Index for *State v. Parrish*, No. 31,701**

**CRIMINAL LAW**
Sexual Offenses

**MISCELLANEOUS STATUTES**
SORNA (Sexual Offender Registration and Notification Act)

**STATUTES**
Interpretation
Legislative Intent
Rules of Construction