This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                          **No. A-1-CA-34797**

**MARK MCCOY,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Charles J. Gutierrez
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Becca Salwin, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1}     The State appeals the district court's order granting Defendant Mark McCoy's motion to dismiss the indictment. We reverse and remand. Because this is a memorandum opinion and the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the merits.

**BACKGROUND**

{2}     A grand jury indicted Defendant on one count of sexual exploitation of children by prostitution, contrary to NMSA 1978, Section 30-6A-4(B) (1989, amended 2015). The State alleges that Defendant committed the offense of sexual exploitation of a child by prostitution on or around January 29, 2013. As a result, because "the law, at the time of the commission of the offense, is controlling[,]" the 1989 version of Section 30-6A-4 controls our analysis of the State's appeal and the current version of the statute, as amended in 2015, does not apply. *See State v. Allen*, 1971-NMSC-026, ¶ 6, 82 N.M. 373, 482 P.2d 237. We offer no opinion on whether the 2015 amendments alter the result we reach here.[1] The undisputed facts for purposes of this appeal are as follows. Defendant placed an ad on Craigslist looking for "anal fun of a girl of any size or age." An undercover officer posing as a fourteen-year-old girl

---

[1]As amended by the 2015 Legislature, Section 30-6A-4(B) states: "Any person knowingly hiring or offering to hire a child under the age of sixteen to engage in any prohibited sexual act is guilty of a second degree felony."

answered Defendant's ad, and the two began chatting over the internet. During this chat, Defendant offered to pay the undercover officer $10 and provide "spice" in exchange for anal sex.

{3} Defendant filed a pre-trial motion to dismiss the indictment as a matter of law, pursuant to *State v. Foulenfont*, 1995-NMCA-028, ¶ 6, 119 N.M. 788, 895 P.2d 1329 and Rule 5-601(B) NMRA (stating that "[a]ny defense, objection or request which is capable of determination without a trial on the merits may be raised before trial by motion)." Defendant argued that the 1989 version of Section 30-6A-4(B), which states "[a]ny person hiring or offering to hire a child over the age of thirteen and under the age of sixteen to engage in any prohibited sexual act is guilty of a second degree felony[,]" requires a child victim rather than a police officer posing as a child in order to constitute a "crime cognizable under the laws of this State. The absence of the statutorily cognizable victim is," Defendant contended, "an absolute defense, requiring dismissal of the sole count in the case."

{4} After hearing on the merits, the district court issued an order granting Defendant's motion to dismiss the indictment with prejudice. The district court found that "Defendant had no [actual] contact with a child over the age of thirteen and under the age of sixteen, but instead communicated with an officer posing as a child within the requisite age range." (Internal quotation marks omitted.) As a result, the district

court concluded as a matter of law that "the State cannot prove that Defendant offered to hire a child, because the individual whom Defendant allegedly offered to hire was not a child." In reaching this conclusion, the district court relied heavily on a comparison between Section 30-6A-4(B) and NMSA 1978, Section 30-37-3.2 (2007), which defines the crime of child solicitation by electronic communication device. Section 30-37-3.2(D) states that "[i]n a prosecution for child solicitation by electronic communication device, it is not a defense that the intended victim of the defendant was a peace officer posing as a child under sixteen years of age." The district court reasoned that unlike Section 30-37-3.2(D), Section 30-6A-4(B) lacks language expressly approving undercover sting operations, evincing legislative intent that charges arising out of such operations are outside the scope of the statute.

**{5}** The State appeals the district court's order, pursuant to NMSA 1978, Section 39-3-3(B)(1) (1972), permitting the State to appeal the district court's "decision, judgment or order dismissing a complaint, indictment or information as to any one or more counts[.]"

**DISCUSSION**

**{6}** On appeal, the State contests the district court's interpretation of Section 30-6A-4(B). The State argues that "[t]he plain language of Section 30-6A-4(B) clearly and unambiguously does not require that the State prove that Defendant engaged an actual

4

child" to establish the crime of sexual exploitation of a child by prostitution. This interpretation, the State submits, is supported by the legislative purpose of the Sexual Exploitation of Children Act to "protect[] children from the harm caused by sexual predators." The State also urges this Court to reject the district court's "gleaning [of] legislative intent pertaining to Section 30-6A-4(B) from Section 30-37-3.2." As a result, the State contends, the district court's order granting Defendant's motion to dismiss the indictment should be reversed.

**A.      Standard of Review**

{7}      "Statutory interpretation is an issue of law, which we review de novo." *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. "Our primary goal when interpreting statutory language is to give effect to the intent of the [L]egislature." *State v. Torres*, 2006-NMCA-106, ¶ 8, 140 N.M. 230, 141 P.3d 1284. "We do this by giving effect to the plain meaning of the words of [the] statute, unless this leads to an absurd or unreasonable result." *State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801. "If the language of the statute is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State v. McWhorter*, 2005-NMCA-133, ¶ 5, 138 N.M. 580, 124 P.3d 215.

**B.      Analysis**

{8}      Here, the statute is clear and unambiguous. Section 30-6A-4(B) states that

"[a]ny person hiring or offering to hire a child over the age of thirteen and under the age of sixteen to engage in any prohibited sexual act is guilty of a second degree felony." The use of the word "or" in Section 30-6A-4(B) "indicates that the statute may be violated by any of the enumerated methods." *See State v. Dunsmore*, 1995-NMCA-012, ¶ 5, 119 N.M. 431, 891 P.2d 572. Two alternative methods of violating Section 30-6A-4(B) are set forth—a person violates the statute by either "hiring" or "offering" to hire a child between the ages of thirteen and sixteen to engage in a prohibited sex act. The act of "hiring" a child between the ages of thirteen and sixteen to engage in a prohibited sex act, requires an actual child. As the State concedes, this is because "[i]t would be impossible to actually hire a non-existent child." However, because the State alleges that Defendant was "offering to hire a child" between thirteen and sixteen to engage in a prohibited sexual act, we proceed to determine whether this part of the statute requires an actual child. For the reasons that follow, we conclude that it does not.

{9}     Our inquiry into the plain meaning of Section 30-6A-4(B) turns on the meaning of the statute's undefined word "offer." In ascertaining the plain meaning of undefined statutory language, our appellate courts often turn to dictionary definitions. *See State v. Lindsey*, 2017-NMCA-048, ¶ 14, 396 P.3d 199 ("As a starting point for interpreting undefined terms contained in a statute, our courts often use dictionary definitions to

6

ascertain the ordinary meaning of words that form the basis of statutory construction inquiries." (alteration, internal quotation marks, and citation omitted)).

**{10}** The word "offer" has a commonly accepted meaning. It is defined in part as, "to present for acceptance or rejection"; and "to make a proposal[.]" *Webster's Third New Int'l Dictionary* 1566 (Unabridged ed. 2002). A synonym is "to put something before another for acceptance." *Id.* Applying the plain meaning rule, a violation of the second part of Section 30-6A-4(B) is committed when an individual "presents for acceptance" or "makes a proposal" to pay a child between the age of thirteen and sixteen to engage in a prohibited sexual act. The statute does not require the offer to be made to an actual child, nor does it require a child to actually engage in a prohibited sexual act. This conclusion is consistent with the New Mexico public policy that "the State has a compelling interest in protecting children from sexual predators and sexual exploitation[,]" *State v. Ebert*, 2011-NMCA-098, ¶ 12, 150 N.M. 576, 263 P.3d 918, and that "police may detect criminals by means of a ruse." *State v. Schaublin*, 2015-NMCA-024, ¶ 19, 344 P.3d 1074. Because the meaning of Section 30-6A-4(B) is ascertainable from the plain meaning of the language employed, we refrain from further statutory interpretation.

**{11}** Applying our holding above to the facts of this case, we conclude that the district court erred in dismissing the indictment. Defendant allegedly "presented for

acceptance" or otherwise "made a proposal" to pay a fourteen-year-old girl $10 and spice in exchange for anal sex—a prohibited sexual act under the Sexual Exploitation of Children Act. *See* NMSA 1978, § 30-6A-2(A)(1) (2001) (stating prohibited sexual acts include "genital-genital, oral-genital, *anal-genital or oral-anal*, whether between persons of the same or opposite sex" (emphasis added)). The fact that he actually made the offer to an undercover police officer does not negate the statutory elements.

**{12}** We also reject Defendant's argument that this Court should affirm the district court's order under the rule of lenity. The rule of lenity counsels that "[a] criminal statute must be strictly construed and may not be applied beyond its intended scope." *State v. Stephenson*, 2017-NMSC-002, ¶ 12, 389 P.3d 272 (internal quotation marks and citation omitted). The rule applies only "in cases where there is insurmountable ambiguity regarding legislative intent[.]" *State v. Lozoya*, 2017-NMCA-052, ¶ 14, 399 P.3d 410 (internal quotation marks and citation omitted). Here, as we concluded above, the conduct Defendant was alleged to have committed is within the scope of an alternative of Section 30-6A-4(B). It is clear and unambiguous that the Legislature intended to punish individuals under Section 30-6A-4(B) for "offering to hire" a child of the requisite age to engage in prohibited sexual acts. Accordingly, we reject Defendant's argument.

**CONCLUSION**

**{13}** For the foregoing reasons, we conclude that the district court erred in granting Defendant's motion to dismiss the indictment. We reverse and remand for further proceedings.

**{14}** **IT IS SO ORDERED.**

                     _____

                     **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**M. MONICA ZAMORA, Judge**

_____

**STEPHEN G. FRENCH, Judge**