2005-NMCA-052

112 P.3d 293

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Albert MARTINEZ, Defendant–Appellant.**

**No. 24,470.**

Court of Appeals of New Mexico.

March 23, 2005.

Certiorari Denied, No. 29,172, May 11, 2005.

Patricia A. Madrid, Attorney General, Santa Fe, NM, Joel Jacobsen, Assistant Attorney General, Albuquerque, NM, for Appellee.

John Bigelow, Chief Public Defender, Cordelia A. Friedman, Steven J. Potter, Assistant Appellate Defenders, Santa Fe, NM, for Appellant.

*OPINION*

PICKARD, Judge.

{1} Defendant appeals the district court order denying his motion to suppress the evidence obtained from a traffic stop. Defendant entered a conditional guilty plea to driving while intoxicated (DWI), reserving the right to appeal the denial of his motion to suppress. On appeal, Defendant argues that the traffic stop and his detention and arrest are illegal because Navajo Tribal Officer Franklin Begaye (Officer Begaye) lacked the power to act as a New Mexico peace officer with authority to enforce the Motor Vehicle Code on non-Indian land in the City of Gallup by virtue of NMSA 1978, § 29–1–11(C)(8) (2002). Defendant's remaining arguments, challenging the legality of his stop, detention, and arrest, are all predicated on Officer Begaye's lack of authority to act in the City of Gallup. We do not agree, however, with

Defendant's argument that Section 29–1–11(C)(8) precludes Officer Begaye from enforcing the law as a commissioned deputy in Gallup. Mindful of Defendant's burden to demonstrate error on appeal and considering only those arguments properly raised and developed in Defendant's briefs, we hold that Defendant failed to establish error. On these grounds, we affirm the district court's denial of the motion to suppress the evidence.

## FACTUAL AND PROCEDURAL BACKGROUND

{2} Officer Begaye was uniformed, on duty, and driving his squad car through the City of Gallup, not his usual area of patrol, when he observed a white vehicle traveling off a highway exit. The vehicle pulled out in front of Officer Begaye, who had to swerve to avoid a collision as he was traveling through an intersection. Officer Begaye followed the vehicle and noticed that it was not traveling safely in one lane. In response, Officer Begaye turned on his squad car's emergency lights and followed the vehicle, which eventually pulled over and stopped. Officer Begaye then contacted the City of Gallup Metro Dispatch for assistance and exited his squad car to investigate the driver for possible drunk driving. The driver, identified as Defendant, gave Officer Begaye his driver's license, registration, and proof of insurance. Officer Begaye smelled the odor of intoxicating liquor on Defendant's breath and person and observed that Defendant had red, watery eyes. Further, Officer Begaye observed beer cans in the vehicle and noticed that the middle, back passenger appeared passed out and that the other passengers were holding beer cans.

{3} The Gallup city officer contacted by Metro Dispatch arrived on the scene and informed Officer Begaye that her agency did not assist other agencies in investigating traffic offenses. Officer Begaye again contacted Metro Dispatch, which referred the matter to the McKinley County Sheriff's Office, which sent a deputy to assist. Officer Begaye handcuffed Defendant and placed him in the back seat of his squad car until the county deputy arrived. McKinley County Deputy George Justice (Deputy Justice)

arrived, spoke with Officer Begaye about his observations, and conducted his own investigation including field sobriety tests. Deputy Justice also smelled the odor of alcohol on Defendant, noticed that Defendant's eyes were red and watery, and observed clues from the field sobriety tests indicating that Defendant was intoxicated. Believing that Defendant was intoxicated over the legal limit for operating a motor vehicle, Deputy Justice arrested Defendant and transported him to the McKinley County Detention Center.

{4} In district court, Defendant moved to suppress the evidence, challenging the legality of the stop and arrest on the grounds that Officer Begaye lacked authority to stop and detain him in Gallup. The district court denied the motion without entering findings and conclusions. Defendant pled guilty to DWI, reserving the right to appeal the denial of his motion to suppress.

## DISCUSSION

{5} On appeal, Defendant's brief in chief asserts several grounds on which the stop, detention, and arrest of Defendant are illegal, all based on the notion that Officer Begaye is not duly commissioned to act as a New Mexico peace officer with authority to enforce the Motor Vehicle Code in Gallup. The brief in chief asserts only one basis to challenge Officer Begaye's claimed commissioned authority. Defendant argues that Section 29–1–11(C)(8) expressly precludes tribal officers from exercising commissioned law enforcement authority in the City of Gallup. Defendant makes this argument while apparently conceding that Officer Begaye was properly commissioned as a deputy sheriff. It is undisputed that Officer Begaye testified that he was commissioned as a deputy sheriff and produced his commission card in court. The brief in chief states, "Sheriff Gonzales testified that the cross-commissioned officers (deputies) had the authority to do [respond to] a traffic offense or a domestic violence matter within the City of Gallup, but the authority granted did not 'create or supercede any statutes.'" (Brackets in original.) It also states, "The factual issue of whether Officer Begaye is, in fact, a cross-commissioned officer does not resolve the issue of the legality of his motor vehicle stop.

Even if Officer Begaye was a cross-commissioned officer, he lacked authority to stop and arrest [Defendant] based solely on the location of the stop."

{6} In response, the State argues that Section 29–1–11 governs only agreements between New Mexico tribes and the New Mexico State Police. The State contends, as it did below, that Officer Begaye was cross-commissioned, not by the state police, but by the McKinley County Sheriff's Office, which has law enforcement jurisdiction over the City of Gallup.

{7} At district court, much of the parties' debate concerned Officer Begaye's claimed authority as a cross-commissioned county deputy. Nevertheless, Defendant failed to argue against this basis for affirmance in his brief in chief. Rather, in his reply brief, Defendant presents a cursory and poorly articulated argument, unsupported by authority, suggesting that our statutes do not expressly give county sheriffs cross-commissioning power, and his reply brief continues his brief in chief argument, relying on Section 29–1–11, that "Officer Begaye could not have acted as a New Mexico peace officer in the Municipality of Gallup, whether cross-commissioned or not." *See* Rule 12–213 NMRA; *State v. Druktenis*, 2004–NMCA–032, ¶ 122, 135 N.M. 223, 86 P.3d 1050 (refusing to reach an issue raised for the first time in a reply brief); *Largo v. Atchison, Topeka & Santa Fe Ry. Co.*, 2002–NMCA–021, ¶ 31, 131 N.M. 621, 41 P.3d 347 (refusing to reach an issue raised for the first time in a reply brief where it deprives opposing party the opportunity to respond); *see also State v. Southworth*, 2002–NMCA–091, ¶ 53, 132 N.M. 615, 52 P.3d 987 (refusing to reach the defendant's cursory Fourth Amendment argument presented without citation to authority or explanation). Defendant's conclusory assertion in his reply brief and his failure to argue against affirmance on these grounds in his brief in chief, which deprives the State of an effective rebuttal as contemplated by the rules, is not sufficient to present the issue for our review or to demonstrate error. Thus, we need not consider the assertion concerning cross-commissioning by county sheriffs further. *See, e.g., Klopp v.*

*Wackenhut Corp.*, 113 N.M. 153, 162 n. 6, 824 P.2d 293, 302 n. 6 (1992) (noting that where a party "for the most part has directed her argument" to a specific point, the Court elected not to consider other matters "[w]ithout the benefit and guidance of briefing").

{8} For these reasons, we limit our review to Defendant's argument challenging Officer Begaye's authority to act as a cross-commissioned peace officer in Gallup under Section 29–1–11(C)(8), and we do not decide whether Officer Begaye was duly commissioned as a county deputy under a different statutory provision. Accordingly, our inquiry on appeal is a narrow question of statutory construction. We review this pure question of law de novo. *See State v. McClendon*, 2001–NMSC–023, ¶ 2, 130 N.M. 551, 28 P.3d 1092.

{9} Our Supreme Court has stated that "[t]he starting point in every case involving the construction of a statute is an examination of the language utilized by [the Legislature] in drafting the pertinent statutory provisions." *State v. Rivera*, 2004–NMSC–001, ¶ 10, 134 N.M. 768, 82 P.3d 939 (internal quotation marks and citations omitted). "Under the plain meaning rule of statutory construction, '[w]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation.'" *Id.* (citation omitted). Also, where the statute contains several sections, we read them together in a manner that gives effect to all parts. *See High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998–NMSC–050, ¶ 5, 126 N.M. 413, 970 P.2d 599.

{10} Defendant correctly observes that Section 29–1–11 is a statute that authorizes tribal and pueblo officers, not otherwise permitted, to act as New Mexico peace officers pursuant to commission agreements. *See* § 29–1–11(A), (B); *see also* Russell G. Donaldson, Annotation, *Validity, in State Criminal Trial, of Arrest Without Warrant by Identified Peace Officer Outside of Jurisdiction, When Not in Fresh Pursuit*, 34 A.L.R.4th 328, 332–33, 1984 WL 263286 (1984) (recognizing that, without authorization, whether statutory or otherwise, an officer may not stop or apprehend a suspect in

an official capacity outside the territorial boundaries of his or her jurisdiction). We agree with the State's arguments, however, that Section 29–1–11 involves only commissions issued by the state police and does not apply to Officer Begaye's claimed commission by the county sheriff.

{11} Section 29–1–11(B) states the following:

> The *chief of the state police* is granted authority to issue commissions as New Mexico peace officers to members of the police or sheriff's department of any New Mexico Indian tribe or pueblo or a law enforcement officer employed by the bureau of Indian affairs to implement the provisions of this section. The procedures to be followed in the issuance and revocation of commissions and the respective rights and responsibilities of the departments *shall be set forth in a written agreement to be executed between the chief of the state police and the tribe* or pueblo or the appropriate federal official.

(Emphasis added.) Tribal officers, duly commissioned by the chief of the state police pursuant to a written agreement under Section 29–1–11(B), may be "recognized and authorized to act as New Mexico peace officers ... to enforce state laws in New Mexico, including the power to make arrests for violation of state laws." Section 29–1–11(A). Section 29–1–11(C) imposes conditions on the commission agreements "referred to in [Section 29–1–11(B) ]," including the condition that "[t]he municipalities of Cuba and Gallup and the villages of Thoreau and Prewitt are excluded from the grant of authority that may be conferred in any written agreement." Section 29–1–11(C)(8). Reading these subsections together, we apply their plain meaning and construe them to govern commissions issued only by the chief of the state police, including the exclusion of Gallup from the grant of cross-commissioned authority. Because Officer Begaye claims to have been deputized by the McKinley County Sheriff, we hold that Section 29–1–11(C)(8) does not defeat his claimed authority to act as a cross-commissioned county deputy. Therefore, we hold that Defendant has not met his burden of demonstrating error. *See State v. Aragon,*

1999–NMCA–060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (recognizing that there is a presumption of correctness in the rulings of the trial court, and the party claiming error bears the burden of showing such error).

{12} The remainder of the arguments that were properly raised in Defendant's brief in chief presume that he successfully challenged Officer Begaye's authority to stop and detain Defendant by operation of Section 29–1–11(C)(8). Because we reject Defendant's reading of the statute, we need not reach Defendant's remaining arguments.

## CONCLUSION

{13} For the reasons discussed above, we affirm the district court's denial of Defendant's motion to suppress the evidence.

{14} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and CELIA FOY CASTILLO, Judges.