This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.                                          **NO. 29,671**

**JAMES MAHSEM**,

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Grant L. Foutz, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellant

Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VANZI, Judge.**

The State appeals from the district court's order dismissing this case for lack of jurisdiction. We conclude that the district court had jurisdiction over this matter since it involved a victimless crime committed by a non-Indian on Indian land. The fact that the State did not demonstrate that the tribal police officer had authority to arrest and charge Defendant did not impact the jurisdiction of the district court. We therefore reverse the district court and remand for proceedings consistent with this opinion.

**BACKGROUND**

The following facts are undisputed. Defendant James Mahsem, a non-Indian, was pulled over by Officer Paloma, a Zuni Pueblo tribal police officer, on the Zuni Pueblo for running a stop sign. Officer Paloma suspected Defendant had been drinking, and after Defendant failed field sobriety tests, Officer Paloma took him into the McKinley County Sheriff's Office. At the sheriff's office, Officer Paloma administered a breath alcohol test that showed that Defendant's breath alcohol level was .17.

Defendant was charged in magistrate court with violations of NMSA 1978, Section 66-8-102(E) (2008) (amended 2010), for driving under the influence of intoxicating liquor or drugs (DWI), and NMSA 1978, Section 66-7-330(B) (1978), for failure to stop at a stop sign. Defendant moved to dismiss the charges, and the

magistrate court granted that motion, ruling that the court had no jurisdiction because the arrest occurred on tribal land. The State then appealed to the district court.

In the district court, Defendant again moved to dismiss the charges. Defendant sought dismissal on three grounds: (1) state court does not have jurisdiction to prosecute; (2) the stop was not lawful; and (3) Officer Paloma, a Zuni tribal police officer, is not a salaried deputy of the McKinley County Sheriff's Department. The district court granted the motion to dismiss without entering findings and conclusions. The State timely appeals from that order.

**DISCUSSION**

The State contends that the district court erred when it granted Defendant's motion to dismiss because the jurisdiction to prosecute a non-Indian for DWI and traffic offense committed on tribal land rests in state court. We review de novo the issue of whether the district court had jurisdiction to hear this case, as it presents a question of law. *See Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 6, 132 N.M. 207, 46 P.3d 668 ("[T]he determination of whether jurisdiction exists is a question of law which an appellate court reviews de novo.").

It is clear from our case law that the district court had jurisdiction to hear this matter. New Mexico state courts are courts of general jurisdiction. *ACLU of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶ 7, 144 N.M. 471, 188 P.3d 1222. Yet, that

general principle is not always true for crimes committed in Indian country. *See State v. Harrison*, 2010-NMSC-038, ¶¶ 13-14, 148 N.M. 500, 238 P.3d 869 (discussing the jurisdiction of state courts over crimes committed in Indian country). However, for "criminal offenses committed on an Indian reservation within this state, by non-Indians, which are not against an Indian nor involving Indian property," the New Mexico state courts have jurisdiction. *State v. Warner*, 71 N.M. 418, 422, 379 P.2d 66, 68-69 (1963); *see Harrison*, 2010-NMSC-038, ¶ 14 (holding that state courts have jurisdiction over "victimless crimes by non-Indians" (internal quotation marks and citation omitted)). We have held that DWI is a victimless crime. *See Warner*, 71 N.M. at 421-22, 379 P.2d at 68-69 (holding that DWI is a victimless crime, and therefore, the district court had jurisdiction to hear a case against a non-Indian defendant for the offense of DWI in Indian country). Therefore, when a non-Indian defendant is charged with the victimless crime of DWI occurring on Zuni Indian land, the New Mexico state courts have jurisdiction over that defendant. *See id.* Accordingly, the State can prosecute Defendant in this case in state district court.

It is apparent from a review of the arguments made by counsel to the district court and from the briefs filed in the district court and on appeal that both the district court and the parties conflated the issue of the district court's jurisdiction to hear this case with the issue of the tribal officer's authority to act as he did. At the hearing in

4

the district court, Defendant argued that his motion to dismiss was primarily based on jurisdiction and contended that the State had not provided any evidence of a cross-commission agreement, as required by NMSA 1978, Section 29-1-11 (2005), that would have allowed state law to be enforced against a non-Indian on Indian tribal land by a tribal police officer. *See* § 29-1-11(A) (providing that tribal law enforcement officers may be authorized as New Mexico peace officers to enforce state laws pursuant to agreements or other requirements as provided by the section). The State rebutted Defendant's argument by presenting evidence to show the many ways that Officer Paloma was authorized through Section 29-1-11 to enforce the laws of New Mexico. This created some confusion concerning the distinction between the officer's jurisdiction, or what we refer to here as the officer's authority, and the court's jurisdiction to hear this type of case. As a result of this conflation of the issues, the district court dismissed the charges against Defendant, apparently agreeing with Defendant's argument that Officer Paloma's authority, or lack thereof, under Section 29-1-11 prevented jurisdiction from vesting in the New Mexico state courts for Defendant's case.

Similarly, on appeal, both the State and Defendant argue over the issue of whether Officer Paloma had lawful authority to arrest Defendant. Defendant contends that because Officer Paloma was not authorized to make the arrest, jurisdiction did not

properly vest in New Mexico state court. The State contends that the officer was properly cross-commissioned. To the extent that the parties' arguments suggest that the jurisdiction of the state courts of New Mexico is contingent upon Officer Paloma's authority, and therefore is properly addressed in a motion to dismiss, we disagree.

Section 29-1-11 does not operate to confer jurisdiction on the New Mexico state courts for crimes committed by non-Indians on tribal land; rather, it outlines the procedures and requirements for "[a]uthorization of tribal and pueblo police officers and certain federal officers to act as New Mexico peace officers." Section 29-1-11. Thus, authorization under Section 29-1-11 affects the propriety of an arrest or seizure, but has no impact on the jurisdiction of the state courts. *See Harrison*, 2010-NMSC-038, ¶¶ 13-18 (addressing the issue of the jurisdiction of the court before reaching issues relating to the officer's authority to stop and arrest); *Ryder v. State*, 98 N.M. 316, 318, 648 P.2d 774, 776 (1982) (addressing the issue of the jurisdiction of state courts prior to addressing the legality of a detention based on the officer's authority to detain a non-Indian while awaiting an officer with authority to issue state traffic citations). Because we conclude that the issue of jurisdiction is a separate and distinct question from the issue of whether Office Paloma acted with lawful authority to make the traffic stop, the district court erred in granting Defendant's motion to dismiss.

Because we determine that the district court had jurisdiction to hear this case, we reverse the court's order granting dismissal and remand for further proceedings.

We remand because the record is less than clear. Defendant in his brief in support of his motion to dismiss acknowledges that Officer Paloma carried a McKinley County Sheriff's Department appointment card. In his answer brief, Defendant points to the lack of evidence regarding any agreement between the State Police and the Zuni Pueblo or between the McKinley County Sheriff's Office and the Zuni Pueblo, thus indicating that even if Officer Paloma had an appointment card, an agreement was also necessary. There is no authority for this proposition, nor did the prosecutor provide authority for the converse proposition. Additionally, the documents relied on by the prosecutor were never entered into evidence at the hearing and are not in the record on appeal. Accordingly, we cannot tell from the record exactly what the district court relied on regarding Officer Paloma's authority or lack of authority. Further, we observe that Defendant did not file a motion to suppress any evidence that might have been obtained by an officer without lawful authority. As we have discussed, the district court has jurisdiction to hear this case; we remand for consideration of whether evidence in this case was obtained without lawful authority. *See State v. Martinez*, 2005-NMCA-052, ¶¶ 11, 13, 137 N.M. 432, 112 P.3d 293 (affirming motion to suppress based on the defendant's failure to establish error).

Finally, because we determine that the district court has jurisdiction over Defendant's case and because we remand for additional findings, we do not reach the State's public policy argument that Defendant should be subject to the jurisdiction of the state court for offenses committed on Indian land.

**CONCLUSION**

For the foregoing reasons, we reverse the district court's order dismissing the criminal complaint and remand with instructions to reinstate the criminal complaint on the docket.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**