This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40071**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**TODD JENNINGS,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Harrison & Hart, LLC
Daniel J. Gallegos
Nicholas T. Hart
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}**　　Defendant Todd Jennings appeals his convictions following a jury trial for breaking and entering (NMSA 1978, § 30-14-8 (1981)) and criminal damage to property (under $1,000) (NMSA 1978, § 30-15-1 (1963)). Defendant contends (1) it was plain error for the district court to admit (A) certain hearsay testimony, and (B) certain lay opinion testimony without a proper foundation; (2) his convictions are not supported by

sufficient evidence; and (3) it was fundamental error for the district court not to sua sponte instruct the jury on a lesser included offense. We affirm.

**BACKGROUND**

**{2}** On an April morning, two Alamogordo Fire Department firefighters, Lieutenant Thomas Ontiveros and Firefighter Christian Baca, arrived at an unmanned fire station to conduct a daily inspection. Upon entering the station, Firefighter Baca saw a man later identified as Defendant walking from the bunk room toward the exit. Lieutenant Ontiveros and Firefighter Baca stopped Defendant. Defendant was not an employee or firefighter and did not have permission to be in the station. Firefighter Baca observed damage to the exterior door of the fire station. Firefighter Baca testified that the prior shift informed him there was nothing wrong with the station at the time of the previous day's inspection.

**{3}** Alamogordo Police Officer Chyenne Bunker was dispatched to the scene. When Officer Bunker got there, she saw one of the station's doors was damaged with partial shoeprints on it. Officer Bunker took photographs of the door, the shoeprints on the door, and the tread on the bottom of Defendant's shoes. All photographs depicted a chevron pattern, and the photographs of the door depicted visible damage to the door jamb. The photographs were entered into evidence at trial, along with Officer Bunker's lay opinion that "the tread pattern on [Defendant's] shoe was consistent with the tread pattern left by the print[s] on the door."

**{4}** For his part, Defendant called Hilary Rodela, who was qualified as an expert in shoeprint identification. Ms. Rodela testified that, although the shoeprint pattern on the door was "very similar" to that of Defendant's shoe, she could not verify with 100 percent certainty that the shoeprint on the door came from Defendant's shoe because the photographs were taken without a scale. On cross-examination, however, Ms. Rodela agreed with the prosecutor that it appeared "the pattern . . . on the shoe is the same pattern that is on the door." Defendant also testified in his own defense. Defendant testified that he spent the night at the station and admitted he did not have permission to enter the building. Defendant, however, denied he was the one who kicked in the door—claiming that he found the chevron-soled shoes at a nearby trash can the night before and that the door was open when he arrived at the station.

**{5}** The jury found Defendant guilty of both breaking and entering and criminal damage to property, and he was sentenced accordingly.

**DISCUSSION**

**I.      Defendant Does Not Establish Plain Error**

**{6}** Defendant raises two unpreserved evidentiary errors—first, that certain of Firefighter Baca's testimony amounted to inadmissible hearsay; and second, that Officer Bunker's lay opinion testimony was admitted without sufficient foundation. Because

Defendant did not object to this evidence at trial, our review is for plain error. *State v. Muller*, 2022-NMCA-024, ¶ 42, 508 P.3d 960.

**{7}** "Under the plain error rule, there must be (1) error, that is (2) plain, and (3) that affects substantial rights." *State v. Gwynne*, 2018-NMCA-033, ¶ 27, 417 P.3d 1157 (internal quotation marks and citation omitted). Because the plain error rule "is an exception to the preservation requirement, we apply the rule sparingly and only when we have grave doubts about the validity of the verdict, due to an error that infects the fairness or integrity of the judicial proceeding." *Muller*, 2022-NMCA-024, ¶ 43 (internal quotation marks and citation omitted). "[A] determination of whether reversal is warranted on the ground of plain error ultimately requires an examination of the alleged errors in the context of the testimony as a whole." *Id.* (internal quotation marks and citation omitted). "The burden is on the defendant asserting plain error to establish prejudice." *Id.* (internal quotation marks and citations omitted).

## A. Defendant Waived His Plain Error Challenge to Firefighter Baca's Hearsay Testimony

**{8}** Firefighter Baca explained on direct examination that the prior shift had inspected the fire station the previous day and "would have informed [his shift] if there had been damage to the door." Going a step further, Firefighter Baca then testified, "The shift previous had told [his shift] that there was nothing wrong with the stations." It is this second statement—not objected to by defense counsel—that Defendant contends amounts to inadmissible hearsay that rises to the level of plain error.

**{9}** Defendant fails to tell us, however, that, beyond not objecting to Firefighter Baca's testimony during direct examination, his counsel reintroduced the testimony during cross-examination. Specifically, the following exchange occurred:

| | |
|---|---|
| Defense counsel: | And you also said you did not do the inspection the day before? |
| Baca: | No ma'am. It's done daily but the shift before us had done it and they didn't report anything wrong with the station at that time. |
| Defense counsel: | They didn't report anything? |
| Baca: | No ma'am. They did report that there was nothing. . . . In the morning we do a brief with the other shift. They tell us if there was anything wrong with the other stations, anything wrong with the trucks, anything wrong with the station that we're in at that moment, and that morning they had told us there was nothing wrong with anything. |

By eliciting the same purportedly-inadmissible hearsay testimony from Firefighter Baca during cross-examination, Defendant acquiesced in its admission and thereby waived any plain error claim on appeal. *See State v. Hill*, 2008-NMCA-117, ¶ 22, 144 N.M. 775, 192 P.3d 770 (deeming a plain error claim waived by acquiescence where the defense not only failed to object to the testimony in question, but went so far as to cross-

examine the witness on the subject of that testimony); *cf. State v. Campos*, 1996-NMSC-043, ¶ 47, 122 N.M. 148, 921 P.2d 1266 (providing that "[a]cquiescence in the admission of evidence . . . constitutes waiver of the issue on appeal" and "[t]he doctrine of fundamental error cannot be invoked to remedy the defendant's own invited mistakes"), *abrogated on other grounds as recognized by State v. Groves*, 2021-NMSC-003, 478 P.3d 915. We accordingly reject Defendant's argument that Firefighter Baca's hearsay testimony amounted to plain error.

**B.      Officer Bunker's Lay Opinion Testimony Did Not Amount to Plain Error**

**{10}**    Relying on *State v. Winters*, 2015-NMCA-050, 349 P.3d 524, Defendant argues that plain error occurred when Officer Bunker opined—without an adequate foundation—that the tread pattern on Defendant's shoe was "consistent with" the patterns of the partial shoeprints on the door. *See id.* ¶ 11 (setting out the foundational requirements for lay opinion testimony about shoeprint identification).

**{11}**    Even if we assume an inadequate foundation for Officer Bunker's opinion was laid, Defendant does not convince us of the prejudice necessary to reverse on plain error grounds. *See Muller*, 2022-NMCA-024, ¶ 43. Defendant appears to argue that he was prejudiced because, without Officer Bunker's lay opinion testimony, there would have been no evidence connecting him to the break in of the fire station. Defendant, however, fails to consider the purported error in the context of the evidence as a whole. *See id.* This alone is fatal to Defendant's claim of plain error. *See id.* ¶ 45.

**{12}**    Nonetheless, even considering the purported error in the context of the evidence as a whole, we are not convinced of prejudice. First, even without Officer Bunker's lay opinion, the photographs are sufficiently clear by themselves to reveal to the jury that the pattern on Defendant's shoe was consistent with the patterns on the door. Specifically, photographs of the partial shoeprints on the door were entered into evidence as Exhibits 16 and 17, and a close-up photograph of the tread pattern on Defendant's shoe was entered as Exhibit 13. Both Exhibit 13 and Exhibit 17 clearly show a thicker chevron pattern sandwiched between thinner chevron patterns. As for Exhibit 16, it too reveals distinctive chevron patterns that appear to be the same as those in Exhibits 13 and 17. *Cf. Winters*, 2015-NMCA-050, ¶ 11 (providing that "certain similarities between shoeprints, including tread features and size, can be considered, in some instances, distinctive enough to be readily apparent to an average observer"). Second, Ms. Rodela, Defendant's own expert in shoeprint identification, conceded on direct examination that the patterns were "very similar" and, on cross-examination, admitted that it appears "the pattern . . . on the shoe is the same pattern that is on the door." We fail to comprehend how Officer Bunker's testimony—that the patterns were "consistent"—is any more inculpatory than Defendant's own expert testimony—that the patterns appeared to be the "same."

**{13}**    In short, Defendant has failed to establish prejudice from the admission of Officer Bunker's lay opinion testimony warranting reversal on plain error grounds. *See Muller*, 2022-NMCA-024, ¶ 43.

## II.      Sufficient Evidence Supports Defendant's Convictions

**{14}**     Defendant next argues that insufficient evidence supports his convictions for breaking and entering and criminal damage to property. The entirety of Defendant's sufficiency argument in his brief in chief is that "the jury was left to speculate or guess whether he kicked the door to the fire station"—an element of both the breaking and entering and criminal damage to property offenses. Under our deferential standard of review, we cannot agree. *See State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 ("[T]he reviewing court views the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict" to determine whether "a rational jury *could* have found beyond a reasonable doubt the essential facts required for a conviction." (alteration, internal quotation marks, and citations omitted)). Given the testimony that no damage was reported to the fire station door by the prior shift, as well as the shoeprint evidence just discussed, which Defendant elsewhere in his briefing acknowledges constituted proof of him kicking in the door, a rational jury could find beyond a reasonable doubt that Defendant kicked the fire station door. *See id.* ¶ 53 ("Just because the evidence supporting the conviction was circumstantial does not mean it was not substantial evidence." (internal quotation marks and citation omitted)).

## III.     Defendant Does Not Demonstrate Fundamental Error

**{15}**     Finally, Defendant asserts in his brief in chief that the district court committed fundamental error by not sua sponte instructing the jury on the lesser included offense of criminal trespass. In support, Defendant relies exclusively on *State v. Meadors*, 1995-NMSC-073, 121 N.M. 38, 908 P.2d 731. *Meadors*, however, does not support Defendant's claim of fundamental error given it sets out the prerequisites to granting a *request* for a lesser included offense instruction and, as Defendant acknowledges, he made no such request. *See id.* ¶ 11 (discussing the conditions that must be met to grant a defendant's request for a lesser included offense instruction); *see also State v. Diaz*, 1995-NMCA-137, ¶ 8, 121 N.M. 28, 908 P.2d 258 (conditioning reversal based on the district court's failure to give a lesser included offense instruction on the defendant's tendering of an appropriate instruction).

**{16}**     As the State correctly observes in its answer brief, "New Mexico courts have explained that the failure to request a lesser included offense instruction is not fundamental error" and "[t]he decision . . . to request a lesser included offense instruction is often . . . a matter of strategy." *See, e.g., State v. Foster*, 1999-NMSC-007, ¶ 54, 126 N.M. 646, 974 P.2d 140 (noting that our appellate courts "have declined to apply the doctrine of fundamental error to a defendant's choice of whether to have the jury instructed on lesser included offenses"), *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683; *State v. Boeglin*, 1987-NMSC-002, ¶ 15, 105 N.M. 247, 731 P.2d 943 (holding that a defendant "may take [their] chances with the jury by waiving instructions on lesser included offenses and cannot be heard to complain on appeal if [they have] gambled and lost"); *State v. Villa*, 2004-NMSC-031, ¶ 14, 136 N.M. 367, 98 P.3d 1017 (providing that

appellate courts "do not second-guess the tactical decisions of the litigants," such as the parties' decision to "pursue[] an 'all-or-nothing' trial strategy, in which neither party requested instructions on any lesser-included offenses").

**{17}** Defendant, in his reply brief, acknowledges this line of cases, but contends we nevertheless should apply the doctrine of fundamental error because, according to him, there could be no strategic reason to forgo a lesser included offense instruction in his case. In particular, Defendant argues that, unlike the defendants in the above-referenced cases, he did not pursue an "all-or-nothing" defense strategy because he essentially admitted to committing the lesser-offense of criminal trespass and tried to convince the jury to acquit him of breaking and entering. We decline to accept appellate counsel's representation that Defendant's failure to request a lesser included offense instruction could not have resulted from trial strategy. As a preliminary matter, Defendant's entire argument in this regard is made in his reply brief, which deprived the State of the opportunity to respond to Defendant's contentions. *See State v. Martinez*, 2005-NMCA-052, ¶ 7, 137 N.M. 432, 112 P.3d 293 (providing that the defendant's failure to advance an argument in his brief in chief "deprives the [s]tate of an effective rebuttal as contemplated by the rules"). Regardless, whether the decision to forgo a lesser included offense instruction was a matter of trial strategy—e.g., perhaps Defendant and his trial attorney doubted the jury would convict him of either offense based on the State's theory that Defendant kicked in the fire station door and thus sought entirely to avoid any conviction—or the result of ineffective assistance is simply not apparent from the record on appeal. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."). We therefore decline to consider Defendant's assertion that there was no strategic reason for his failure to request a lesser included offense instruction and reject Defendant's attempt, on this basis, to distinguish the line of cases declining to apply fundamental error in this context.[1] *See, e.g.*, *Foster*, 1999-NMSC-007, ¶ 54 (observing that appellate courts have declined to apply the fundamental error doctrine in the lesser included offense instruction context).

**{18}** Defendant has not otherwise persuasively argued why we should exercise our discretion to review his lesser included offense instruction claim for fundamental error.[2] *See* Rule 12-321(B)(2)(c) NMRA (providing appellate courts with discretion to review unpreserved claims of error involving fundamental error). We accordingly reject Defendant's argument that the district court committed fundamental error by not sua sponte instructing the jury on the lesser included offense of criminal trespass. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 ("[I]t is [the d]efendant's burden on appeal to demonstrate any claimed error below."); *see also*

---

[1]Nothing in this opinion should be construed as preventing Defendant from raising an ineffective assistance of counsel claim in a post-conviction proceeding, if he so chooses.
[2]Defendant briefly suggests that waiver on the record of a lesser included offense instruction might be necessary, but then acknowledges that no such requirement exists in our case law. We therefore decline to consider this contention. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue.").

*State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue.").

**CONCLUSION**

**{19}** For the foregoing reasons, we affirm.

**{20}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**MEGAN P. DUFFY, Judge**