This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-37950**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**EDDIE M. MARES,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**    Defendant appeals his conviction of two counts of criminal sexual penetration (CSP) in the second degree of a child between thirteen and eighteen, contrary to NMSA 1978, Section 30-09-11(E)(1) (2009), arguing that (1) the district erred in denying his motion to suppress because police interviewed him in violation of his right to counsel under the Sixth Amendment to the Constitution of the United States; (2) the district

erred in denying his motion to suppress because police violated his Fifth Amendment to the Constitution of the United States right to silence because they did not stop the interview when Defendant said he felt "uncomfortable"; and (3) the district court improperly denied the jury's request to review the transcripts of Defendant's interview with police.

**{2}** We previously certified the first issue of whether Defendant's Sixth Amendment right was violated to the New Mexico Supreme Court, *see* Order of Certification to the New Mexico Supreme Court, *State v. Mares*, A-1-CA-37950 (N.M. Ct. App. June 4, 2021), because we perceived a conflict between the New Mexico Supreme Court's precedent construing the Sixth Amendment and the later-decided United States Supreme Court case, *Montejo v. Louisiana*, 556 U.S. 778 (2009). Our Supreme Court accepted certification, concluding that Defendant "validly waived his Sixth Amendment right to counsel through his waiver of *Miranda* rights," *State v. Mares*, ___-NMSC-___, ¶ 51, ___ P.3d ___ (S-1-SC-38948, Dec. 22, 2023), and instructing us to resolve Defendant's remaining two claims on appeal. *Id.* ¶ 52. For the reasons that follow, we affirm.

## DISCUSSION

### I.  Defendant's Fifth Amendment Claim

**{3}** We begin by addressing Defendant's claim that the district court erred in denying his motion to suppress because his Fifth Amendment right to remain silent was violated during his interview with police. Defendant has failed to develop an adequate legal argument in support of this claim on appeal. *See State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (explaining that appellate courts are under no obligation to review unclear or undeveloped arguments). "Our Court has been clear that it is the responsibility of the parties to set forth their developed arguments, it is not the court's responsibility to presume what they may have intended." *State v. Flores*, 2015-NMCA-002, ¶ 17, 340 P.3d 622.

### II.  The Jury's Request for Transcripts

**{4}** Next, we address Defendant's claim that the district court improperly denied the jury's request to review the transcript of his interview with police. Defendant argues that the district court's failure to provide the jury with the transcript of the June 20, 2017 interview, after the jury requested it during deliberation, "violated his right to a fair trial and to present a defense, under the Fifth and Sixth Amendments." As the State points out, Defendant failed to preserve this issue. *See* Rule 12-321(A) NMRA (stating that "[t]o preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked"). Defendant never objected when the district court declined to provide the transcript to the jury. When the district court asked for the parties' positions on providing the transcript, Defendant agreed with the State's position that the transcript could not be provided to the jury, stating, "I would concur . . . it has not been admitted into evidence and therefore [the jury] cannot look at it."

**{5}**     To the extent that Defendant asks us to review for fundamental error in his reply brief, we decline his invitation to do so, *see* Rule 12-321(B)(2)(c) NMRA (providing appellate courts with discretion to review unpreserved claims of error involving fundamental error), because he failed to raise fundamental error in his brief in chief, depriving the State of an opportunity to respond to his argument. *See State v. Martinez*, 2005-NMSC-052, ¶ 7, 137 N.M. 432, 112 P.3d 293 (providing that the defendant's failure to advance an argument in his brief in chief "deprive[d] the [s]tate of an effective rebuttal as contemplated by the rules").

**CONCLUSION**

**{6}**     For the aforementioned reasons, we affirm Defendant's convictions.

**{7}     IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**